```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
RITIKA KOHLI f/k/a RITIKA HIRA,            :
                                           :    SUMMARY ORDER
                              Plaintiff,   :    17-cv-3154 (DLI) (RLM)
                                           :
           -against-                       :
                                           :
INDEPENDENT RECOVERY RESOURCES,:
INC. and REPRODUCTIVE SPECIALISTS OF:
NEW YORK,                                  :
                                           :
                              Defendants.  :
---------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

On March 31, 2021, this Court denied Plaintiff Ritika Kohli f/k/a Ritika Hira's ("Plaintiff") motion for summary judgment against Defendant Reproductive Specialists of New York ("RSNY"), granted RSNY's cross-motion for summary judgment, and dismissed all claims against RSNY (the "Order"). *See*, Op. and Order, Dkt. Entry No. 118. In pertinent part, the Court dismissed the claims because, *inter alia*, Plaintiff failed to offer evidence that RSNY engaged in materially misleading conduct under GBL § 349. *Id.* at 20. On April 12, 2021, Plaintiff filed a motion for reconsideration of the Order. *See*, *generally*, Pl.'s Notice of Mot. for Reconsideration, Dkt. Entry No. 121; Mem. of Law in Supp. of Pl.'s Mot. for Reconsideration ("Pl.'s Mem."), Dkt. Entry No. 121-1. RSNY opposed the motion. *See*, Mem. of Law in Opp'n to Pl.'s Mot. for Reconsideration ("Def.s' Opp'n"), Dkt. Entry No. 126. Plaintiff has not replied. For the reasons set forth below, the motion for reconsideration is denied.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Plaintiff's motion for reconsideration is denied because Plaintiff has failed to meet the required standard. Plaintiff has not pointed to any controlling decisions or data that the court overlooked. She has not pointed to any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* Instead, plaintiff is relitigating the same issues addressed by the Court because she does not agree with the outcome.

Plaintiff argues the Court erred by concluding "that the Plaintiff was required to submit evidence that other persons were deceived or misled regarding the RSNY billing practices for embryo storage fees and that the Plaintiff failed to submit such evidence." *See*, Pl.'s Mem. at 3. Specifically, Plaintiff submits that the Court erred by requiring a showing of "the same specific quantifiable harm to other persons who signed the consent agreement . . . in regard to the deceptive/misleading element of a GBL § 349 claim." *Id*. at 3-4. The Court finds this argument meritless.

As an initial matter, this Court did not grant summary judgment to RSNY based on Plaintiff's failure to show "the same specific quantifiable harm to other persons who signed the consent agreement." *Id*. Instead, this Court granted summary judgment based on Plaintiff's failure to offer *any* evidence that RSNY engaged in materially misleading conduct. *See*, Order at 20.

Plaintiff argues that the Court's reliance on *Yong Ki Hong v. KBS Am., Inc.*, 951 F. Supp.2d 402 (E.D.N.Y. 2013) is misplaced as it is "fully distinguishable" from the case at bar because "plaintiffs [in *Yong*] pointed to no record evidence suggesting that the defendants ever took steps to ensure that the customers were unaware of the alleged price-fixing scheme, or engaged in any other deceptive activity." Pl.'s Mem. at 6. Plaintiff alleges that, unlike in *Yong*, RSNY "held its alleged certified mailing mandate in secret [sic] by omitting it from the consent agreement." *Id*. at 7. However, here as in *Yong*, Plaintiff points to no record evidence suggesting RSNY took steps to ensure customers were unaware of the alleged certified mailing mandate scheme or engaged in other deceptive activity.

Plaintiff further contends that RSNY's modification of its consent agreement to include the certified mail requirement is "evidence that other persons could have been deceived or misled by the RSNY consent agreement . . . ." *Id*. at 8. However, "[m]ere failure by the scheme's participants to disclose the nature of the arrangement is not enough – direct evidence of misleading or deceitful activity is required." *Yong*, 952 F. Supp.2d at 421 (citation omitted). RSNY's modification of its consent agreement by adding clarifying language is not evidence of misleading or deceitful activity. Plaintiff argues that, as a reasonable person, she was misled and deceived in regard to the terms set forth in the consent agreement, although she never requested clarification as to allegedly vague terminology such as "laboratory procedure." *See*, Pl.'s Mem. at 6. RSNY provided

3

evidence that no other RSNY patients have found the Consent Agreement or RSNY's conduct related to the Consent Agreement misleading.  *See*, Order at 21.

Defendant's arguments are nothing more than a rehashing of arguments raised in the initial motions that were considered by the Court.  She does not point to any change in controlling law or the availability of new evidence that would warrant the Court to alter its original decision.  Accordingly, Plaintiff's motion for reconsideration is denied in its entirety. .

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration is denied in its entirety and the claims against RSNY remain dismissed.

SO ORDERED.

Dated: Brooklyn, New York
        August 16, 2021

/s/
DORA L. IRIZARRY
United States District Judge